## 73810. NOLLEY v. THE STATE.
(353 SE2d 80)

DEEN, Presiding Judge.

The appellant, James Capers Nolley, was convicted of aggravated sodomy and rape. On appeal, he contends that the trial court erred in admitting evidence of a similar occurrence.

At the trial, the sixteen-year-old victim testified that at approximately 4:00 p.m. on January 18, 1985, she had exited the train and returned to her family's van parked in the Avondale MARTA station parking lot, when the appellant approached her vehicle and asked if she would help him jump start his car. She reluctantly agreed to do so and drove the van up to the indicated car. The appellant claimed that he could not open the van's hood from outside and that he needed to get inside to release the van's hood. The victim was hesitant, but

when the appellant then asked her if she would at least give him a ride to a nearby service station, she agreed. When she opened the door, the appellant pushed his way in, stuck his hand in her mouth to prevent screaming, and, wielding a knife, forced her into the back of the van where he tied her hands behind her back. The appellant then drove the van to a wooded area, untied the victim's hands, and made her undress. Despite her pleas that she was six months' pregnant, the appellant forced her to perform oral sex and then raped her. Afterwards, the appellant allowed the victim to redress, and engaged her in idle conversation about himself being a basketball player. He told her that he was going to help her out by giving her some money, and he gave her his phone number. The victim then was allowed to drive the van to a convenience store, where the appellant got out.

The trial court allowed the testimony of another victim concerning her aggravated sodomy and rape by the appellant on December 5, 1984. At approximately 10:30 a.m., as she waited for a bus, the appellant approached her and asked if she could come with him and watch after his sister, who was in labor, while he fetched his aunt to take her to the hospital. She went with him to a house, where, once inside, the appellant pulled her into a bedroom, grabbed a pistol from a shelf, pointed it at her head and demanded that she undress. Still pointing the gun at her, he also made her remove his shoes and pants, following which he forced her to perform oral sex and then raped her. Afterwards, he told her his name was Maurice and that he was a basketball star; he also asked her what her name and address were. He then allowed her to redress and leave, but kept her driver's license, an engagement ring, and a gold anklet. Prior to the trial in the instant case, the appellant was tried and convicted of aggravated sodomy, rape, robbery, and false imprisonment because of this other criminal episode. *Held*:

1. The appellant contends that the trial court erred in allowing the state to present the evidence of the similar crimes because of the state's noncompliance with Rule 31.3 of the Uniform Superior Court Rules, which requires written notice of the prosecutor's intent to present evidence of similar transactions stating "the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced. Copies of accusations or indictments, if any, and guilty pleas or verdicts, if any, shall be attached to the notice." In this case, it was undisputed that counsel for the appellant was provided with a copy of the indictments and sentence of the court concerning the prior, similar transactions, but a copy of the actual verdict inadvertently was omitted. That was the extent of the state's noncompliance with Rule 31.3.

The trial court properly declined to exclude this evidence on that basis. It is perfectly obvious that the defendant was adequately in-

formed of the similar transaction to be presented, thus satisfying the purpose of Rule 31.3. Exclusion of the evidence because of the omission of the actual verdict would be an unacceptable reaction to such a minor noncompliance. At the most, it is de minimus.

2. The appellant also contends that the evidence was improperly admitted because it was not sufficiently similar to the crimes charged in the instant case. However, we find the numerous similarities, readily apparent from the evidence summarized above, sufficient to render that evidence admissible. See *Felker v. State*, 252 Ga. 351 (1) (314 SE2d 621) (1984).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 21, 1987.

*Hirsch Friedman, Moshe Shopsin*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, R. Stephen Roberts, Assistant District Attorneys*, for appellee.